UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Elda Martinez,                                    Case No. 3:16-cv-1425

       Plaintiff

  v.                                              MEMORANDUM OPINION
                                                      AND ORDER
Wal-Mart Stores, Inc.

       Defendants

## I. INTRODUCTION

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") has filed a Rule 56 motion for summary judgment of the complaint filed by Plaintiff Elda Martinez ("Martinez") for failure to demonstrate a genuine dispute of material fact. (Doc. No. 22). Martinez filed a brief in opposition. (Doc. No. 32). Wal-Mart filed a brief in reply. (Doc. No. 33). Martinez filed a surreply. (Doc. No. 36). For the reasons stated below, Wal-Mart's motion is granted.

## II. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor.

1

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### III. BACKGROUND

Martinez visited Wal-Mart in Defiance, Ohio on June 30, 2014, at approximately 3:15 in the afternoon. (Doc. No. 23-1 at 7, transcript page 25, lines 8-16). Martinez intended to buy artificial flowers at the store but, after not finding what she was looking for, decided to leave without making a purchase. (Id. at 8, transcript page 26, line 24 – transcript page 27, line 22). Martinez walked in an area between the cash registers and the front wall of the store, where an ice freezer was placed, to exit. (Doc. No. 25). Martinez was not carrying anything at the time. (Doc. No. 23-1 at 8, transcript page 26, line 15). As Martinez passed the ice freezer, she fell and landed on her left side. (Id. at 8, transcript page 29, line 6). After falling, Martinez noticed water on the floor. (Id. at 9, transcript page 31, line 4). She did not see water on the floor before she fell, but would have if she had looked down. (Id. at 10, transcript page 35, lines 3-8).

Immediately after the fall, Wal-Mart employees came to Martinez's aid, completed an incident report, and offered to call an ambulance. (Doc. No. 23-1 at 9, transcript page 31, line 14 – transcript page 33, line 20). Employees cleaned up the water and placed a caution cone in the area. (Id. at 10, transcript page 35, lines 22-24). Martinez refused an ambulance but transported herself directly to the hospital. (Id. at 9, transcript page 33, lines 18-24). She told Wal-Mart employees she planned to seek medical treatment because of recent back surgery. (Id. at 10, transcript page 34, lines 5-10). The hospital referred Martinez to her primary care physician. (Id. at 11, transcript page 38 line 25 – transcript page 39, line 11).

Martinez alleges she suffered a left knee injury as a result of the fall. (Id. at 11, transcript page 41, lines 3-6). Seventeen days after the incident, Martinez sought treatment from an orthopedic

surgeon due to continued pain and swelling. (Id. at 11, transcript page 39, line 22 –transcript page 40, line 18). The orthopedic surgeon diagnosed Martinez with a meniscal tear and she opted for surgery on September 2, 2014. (Id. at 12, transcript page 42, line 10 – 12; transcript page 43, line 18). After continued pain and swelling, the orthopedic surgeon eventually diagnosed Martinez with osteoarthritis, which Martinez claims also resulted from her fall. (Id. at 14, transcript page 52, line 11 – 16, transcript page 60, line 12). She received a total knee replacement on November 3, 2016. (Id. at 16, transcript page 60, line 22 –transcript page 61, line 2). Martinez alleges the fall and related injuries resulted in her inability to run, impacted her relationship with her spouse, affected her ability to dance, has made climbing stairs difficult, and resulted in lost wages. (Id. at 17, transcript page 63, line 5 – 19, transcript page 73, line 9).

### IV. ANALYSIS

Martinez asserts a claim for premises liability. She asserts Wal-Mart was negligent because it created a hazardous condition by allowing water to be placed and remain on the floor, resulting in her slip and fall. Wal-Mart argues I should dismiss Martinez's claim because it fails to demonstrate a genuine dispute of material fact.

#### A. NEGLIGENCE

Under Ohio law, there are three elements required to establish negligence: (1) Defendant owed a duty to Plaintiff; (2) Defendant breached the duty owed; and (3) the breach was the proximate cause of Plaintiff's injuries. If one of these elements is not satisfied, the claim fails and summary judgment in favor of Defendant is appropriate. *Mussivand v. David*, 544 N.E.2d 265, 270 (Ohio 1989).

##### 1. DUTY OWED

A business owes its customers a duty of ordinary care. *Campbell v. Hughes Provision Co.*, 90 N.E.2d 694, 695 (Ohio 1950). An ordinary care standard requires businesses to maintain reasonably

safe premises which do not expose customers to unreasonably dangerous conditions. *Id.* A business "is not, however, an insurer of the customer's safety." *Paschal v. Rite Aid Pharmacy, Inc.*, 480 N.E.2d 474, 475 (Ohio 1985). Businesses are not required to protect customers from known or open and obvious dangers, which are ones so apparent it is reasonable to expect the customer to discover the danger and protect themselves from it. *Id.* Open and obvious dangers are not hidden or concealed from view and are discoverable upon "ordinary inspection," although the danger does not need to actually have been discovered to be open and obvious. *Kirksey v. Summit Cty. Parking Garage*, No. CIV.A. 22755, 2005 WL 3481536, at *3 (Ohio Ct. App. Dec. 21, 2005). There is no duty owed if the customer "did not notice the condition until after" the fall, "but could have seen it" simply by looking. *Id.* An open and obvious danger, therefore, may eliminate any duty to warn a customer about an obvious danger and may bar claims for negligence resulting in injuries related to the danger. *Henry v. Dollar Gen. Store*, No. 2002-CA-47, 2003 WL 139773, at *2 (Ohio Ct. App. Jan. 17, 2003).

A puddle of water is an open and obvious danger, and therefore may bar a negligence claim, when a customer can see the puddle after the fall. *Brant v. Meijer, Inc.*, No. 21369, 2006 WL 3461966, at *3 (Ohio Ct. App. Dec. 1, 2006). Specifically, a customer is expected to use ordinary care by watching where they are going. *Id.*; *see also Colville v. Meijer Stores Ltd.*, No. 2001-CA-011, 2012 WL 1964959 (Ohio Ct. App. June 1, 2012) (a negligence claim may be barred when a customer falls on water near an ice freezer if she could see the puddle after she fell). Under Ohio law, the water puddle was an open and obvious danger, as Martinez conceded during her deposition that she would have seen the puddle if she had looked down before she fell. (Doc. No. 23-1 at 10, transcript page 35, lines 6-8).

Even when a danger is open and obvious, a plaintiff can survive summary judgment on a negligence claim if attendant circumstances existed at the time of the incident. *Colville*, 2012 WL

4

1964959, at *3. Generally, attendant circumstances include distractions which would reduce the degree of care an ordinary person would exercise in similar circumstances. *Zambo v. Tom-Car Foods*, No. 09CA009619, 2010 WL 520804, at *2 (Ohio Ct. App. Feb. 16, 2010). Examples of attendant circumstances include poor lighting, heavy traffic, and the condition of the walkway. *Stinson v. Kirk*, No. OT-06-044, 2007 WL 1953674, at *4 (Ohio Ct. App. July 6, 2007).

Attendant circumstances require businesses to take added precautions when it is reasonably foreseeable a customer's attention would be distracted. *McGuire v. Sears, Roebuck & Co.*, 693 N.E.2d 807, 809 (Ohio Ct. App. 1996). The exception is narrow, however, and does not include common or ordinary distractions, *Gamby v. Fallen Timbers Enters.*, No. L-03-1050, 2003 WL 22233528, at *2 (Ohio Ct. App. Sept. 30, 2003), or apply to commonly encountered displays in a retail setting. *McGuire*, 693 N.E.2d at 809. *See Snyder v. Kings Sleep Shop, LLC*, No. WM-13-006, 2014 WL 1343678 (Ohio Ct. App. Mar. 7, 2014) (customers are not excused from discovering open and obvious dangers when they are distracted by merchandising displays commonly encountered in a store).

While Martinez argues she was distracted by shopping when she slipped on the water and fell, she offers no evidence to support that contention. Notably, Martinez was not actively shopping at the time of the fall but leaving the store, and she has not provided evidence there was anything out of the ordinary to distract her from watching where she was going. There is no evidence the lighting was poor, pedestrian traffic was particularly heavy, or the overall condition of the walkway was inadequate. Martinez has not pointed to evidence which would support the application of the attendant circumstances exception and I conclude the water constituted an open and obvious danger.

2. **BREACH OF DUTY**

Even if the open and obvious doctrine did not apply, Martinez has not shown that Wal-Mart breached any duty of ordinary care it may have owed to Martinez because she offers no evidence as

5

to how the water came to be on the floor, or how long the water was on the floor prior to Martinez's fall. To avoid summary judgment for a negligence claim resulting from a slip and fall, the plaintiff must show one of the following: (1) the defendant was responsible for placing the danger in the path of the plaintiff; (2) the defendant had actual notice of the danger and failed to warn the plaintiff or remove the danger; or (3) the danger had existed for sufficient length of time to create constructive notice and the defendant should have discovered the danger. *Holly v. Walmart Real Estate Bus. Tr.*, 262 F. Supp. 3d 532, 536 (N.D. Ohio 2017).

### a. CREATING THE DANGER

Though a business may be responsible for its customer's injuries when it fails to remedy a hazardous condition it created or reasonably should have discovered, it is not enough for a plaintiff to believe a defendant was somehow responsible for a puddle. *Colville*, 2012 WL 1964959, at *9. Purely speculative assertions without factual allegations to support the guess will not survive summary judgment. *Id.* at *8.

Although Martinez testified it was not raining on the day of the fall, she has failed to provide any evidence to indicate Wal-Mart may have created the puddle of water, speculating the water must have come from the ice freezer, at the fault of Wal-Mart. Martinez acknowledges the speculative nature of this allegation but asks me to determine which is more speculative, the water coming from an ice freezer or from an unknown source. Perhaps the freezer is more likely, but it is not for me to decide where the water originated. Instead, the plaintiff is obligated to show the elements are satisfied and a claim is established. Martinez has failed to do so. Because Martinez has not provided evidence to support a genuine dispute of material fact, but only speculative assertions, summary judgment in favor of Wal-Mart is appropriate.

### b. ACTUAL AND CONSTRUCTIVE NOTICE

A business owner also may be liable for its customer's injuries if the owner knew or reasonably should have known of a hazardous condition. *Holly*, 262 F.Supp.3d at 536 (citing *Johnson v. Wagner Provision Co.*, 49 N.E.2d 925 (Ohio 1943)). Actual notice is established when the plaintiff proves the business was actually aware of the danger. *Swick v. Patty's Mkt. & Dep't Store, Inc.*, No. 2015-CA-26, 2016 WL 3857176, at *4 (Ohio Ct. App. July 15, 2016). A defendant may be deemed to have had constructive notice of a hazard where there is evidence the hazard "existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Presley v. City of Norwood*, 303 N.E.2d 81, 84 (Ohio 1973) (citation omitted).

Martinez has not pointed to evidence showing Wal-Mart actually was aware of the water on the floor. Martinez also has failed to provide any evidence as to the length of time the water was on the floor before she fell. Without any evidence to prove the length of time the danger was present, Martinez cannot demonstrate there is a genuine dispute as to whether Wal-Mart had constructive knowledge of the water. *Swick*, 2016 WL 3857176, at *4 (citing cases). Martinez has failed to identify evidence sufficient to establish Wal-Mart had actual or constructive notice of the danger, and Wal-Mart is entitled to summary judgment.

### V. CONCLUSION

For the reasons stated above, Wal-Mart's motion for summary judgment pursuant to Rule 56, (Doc. No. 22), is granted.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge